UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BRENT PARKE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:04cv137 PS |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent | ) | |

**MEMORANDUM AND ORDER**

*Pro se* petitioner, Brent Parke, an inmate at the Miami Correctional Facility ("MCF") was charged with theft, which was later reduced to relocating property as suggested at the hearing by Parke. After exhausting his administrative remedies, Parke filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In its response, the Attorney General of Indiana has submitted the administrative record including documents designated A through H, which set out the underlying procedures in this conduct adjustment board (CAB) proceeding.   The petitioner filed a traverse.

*I.  RELEVANT FACTS*

On June 27, 2003, Officer Brown prepared a conduct report which charged Parke with theft. (Exhibit A). Officer Brown wrote the conduct report after seeing Parke take two food trays from the dining hall.  According to the Brown, Parke sat down with both food trays and started eating from both trays.  Evidently, inmates are limited to one tray of food. Officer Brown's testimony was supported by the affidavit of Officer VanHoosier who also witnessed Parke take

two trays of food. On July 1, 2003, Parke was notified of the charges against him. At the screening he requested a lay advocate, a copy of any video tape, and the trays as evidence.

The CAB hearing was held July 7, 2003. At the hearing, Parke suggested that the appropriate charge was not theft, but relocating property. In other words, Parke admitted that he had in fact taken two trays of food but because he was unable to actually eat from the second tray, he did not believe that he was guilty of theft. According to Parke, the more appropriate charge was relocating property. The CAB nonetheless found Parke guilty of theft based on staff reports, Parke's oral statement, and evidence from witnesses. (*See* Exhibit D). The sanction imposed was a 60 day commissary loss and a 66 day earned credit time loss.[1]

On appeal to the facility head the charge was changed from theft to relocating property, and the earned credit time loss was suspended. Thus, Parke was actually found guilty of the very charge that he had admitted committing. Because the earned credit time loss was suspended, the sanctions were no longer grievous and couldn't be appealed further. On appeal to the final reviewing authority it was held that the modifications made to the charge and the sanctions were appropriate and no further action was taken. According to Parke, he was later charged again and the suspended loss of earned credit time was re-instated.

## II.  STANDARD OF REVIEW

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539

---

[1] There is some confusion in the record as to whether the sanction was 66 days loss of good time credit or 76 days. The Report of Disciplinary Hearing indicates 76 days but that is crossed out and the number "66" is written in its place. *See* Exhibit D. The record from the appeal however says that the "loss of 76 days earned credit time will be suspended." *See* Exhibit E.

2

(1974), and requires certain procedural steps as stated in that Supreme Court decision. Due process requires that Parke be given: (1) advance written notice of the charges against him at least 24 hours before the hearing;  (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974)).

For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker, *id.,* and the decision must be supported by "some evidence" in the record. *Super., Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985). The so-called "some evidence" standard applies in this circuit, as reflected in *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000), *cert. denied*, 2000 WL 1512783 (U.S.), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

This is a lenient standard, requiring no more than "a modicum of evidence." *Webb,* 224 F.3d at 652. Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id. citing Hill*, 472 U.S. at 457. "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id. citing Hill*, 472 U.S. at 455-56.

### III.  DISCUSSION

Mr. Parke claims that the State violated his constitutional rights in several ways. He alleges that his due process rights were violated because he was charged more than once for the

3

same offense; that he was denied the right to appeal; that his lay advocate was ineffective; and, there was insufficient evidence to find him guilty.

**A. Double Jeopardy Claim**

Mr. Parke first argues that two conduct reports were improperly issued based on the same incident. This issue is a little difficult to discern because Parke has not provided the Court with the other charge; all that is before the court is the charge relating to the theft of the tray of food. Parke seems to be arguing that the two charges are so closely related that he should only have been written up once. The problem is that Parke has failed to present anything to support his claim that he was charged twice for the same conduct. Indeed, the evidence seems to be to the contrary. In Respondent's Exhibit G, Parke explains that the second charge had something to do with someone "following me back to the dorm." *See* Exhibit G.

Indeed, Parke filed a separate habeas petition relating to the other incident that occurred on June 27, 2003. *See* Cause Number 1:04-CV-121 TS. In reviewing that docket it appears that Parke was charged with intimidation based on Parke not providing his information to an officer and then yelling obscenities at the officer. He received a credit class demotion as the sanction. The petition was denied by Judge Springmann on March 2, 2005. Thus, the charge in the other petition, although occurring on the same day, plainly involved a separate and discreet charge of intimidation whereas the charge at issue in this case involved Parke's theft of food trays. It appears that the two incidents are not the same. This claim is therefore without merit.

Mr. Parke had yet another petition pending in this court arising out of an incident occurring on September 2, 2003 involving the possession of a weapon. That petition was before Judge Allen Sharp in cause number 3:03 cv 253; Judge Sharp denied the petition on September

27, 2004. The finding of Parke guilty on that charge led to the reinstatement of the loss of 76 days good time credit that had previously been suspended. Parke contends that this was a mistake because he was only originally assessed a loss of 66 days good time credit in this case (that was later suspended on appeal) and that the reinstatement of the loss of **76** days in the case before Judge Sharp was improper. The problem with this argument is that the appeal specifically stated that the "loss of 76 days earned credit time will be suspended." In either event, that was a matter for Judge Sharp to decide which he evidently did adversely to Mr. Parke.

**B. Procedural Due Process Violations**

Mr. Parke alleges that his rights were violated because he was not given the opportunity to appeal the facility head's decision to the final reviewing authority. Parke was not allowed to appeal because his sanction, a loss of earned credit time, had been suspended by the facility head. Parke does not argue that the safeguards of due process required by *Wolff v. McDonald*, 418 U.S. 539 (1974) were not met. Due process requires only that Parke receive advance written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the discipline which is supported by some evidence in the record. See *Wolff v. McDonald*, 418 U.S. 539 (1974); *Walpole v. Hill*, 472 U.S. 445 (1985);
and *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000). So long as those safeguards are met, violations of prison policy, such as CAB appeals, are matters of state law beyond the scope of habeas corpus.

**C. Ineffective Lay Advocate**

Mr. Parke claims that the lay advocate appointed for him made a statement on his behalf

5

of which he didn't approve.  Parke believes that statement contributed to the CAB's finding of guilt.  Parke's claim is without merit because he was not even entitled to a lay advocate to begin with. The right to a lay advocate is limited to those prisoners who are illiterate, or those situations where the case is so complicated that he wouldn't be able to collect and present evidence necessary to the case. *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992), *citing Wolff v. McDonald*, 418 U.S. 539 (1974).   In this case Parke has not established that he is illiterate, and it is clear that the case wasn't so complicated that he was unable to collect and present evidence.   Thus, Parke was not even entitled to a lay advocate to begin with making any claims that the lay advocate made mistakes a nonstarter.  In any event, even if the lay advocate admitted without Parke's approval that Parke took the two trays of food (which seems dubious), it matters not.  This is because there was plenty of evidence – not the least of which is that two officers saw him take the trays of food  – upon which the CAB could rely in finding him guilty without regard to the admission by the lay advocate.   Parke's complaints about the adequacy of his lay advocate are therefore without merit.

**D. Sufficiency of the Evidence**

Mr. Parke argues that there was insufficient evidence to support the charge. To the extent that Parke is arguing that there was insufficient evidence to find him guilty, he is incorrect. As noted above, the amount of evidence needed in these types of cases is very modest.  In this case, the evidence that was presented clearly meets the "some evidence" standard.  In finding Parke guilty, the CAB relied upon the staff reports, Parke's own oral statement, and evidence from witnesses. Officer Brown saw Parke take two trays, and so did Officer VanHoosier.   Parke's defense at the CAB hearing was not that he didn't take the trays, but that he never had a chance

6

to eat the food that was on the trays and therefore the appropriate charge was relocating property. Although he was unsuccessful in the CAB, on appeal he was able to get the charge reduced to the violation that he requested. In short, there was more than "some evidence" to find Parke guilty.

## CONCLUSION

For all the reasons stated, and because it is clear that none of Parke's constitutional rights have been violated, this petition for relief under 28 U.S.C. §2254 is **DENIED.**

**SO ORDERED.**

ENTERED: May 16, 2005

S/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT